```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 18-CIV-62832-BLOOM
                    MAGISTRATE JUDGE P.A. WHITE
```

KENNETH A. FRANK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* complaint, purportedly pursuant to 42 U.S.C. § 1983. DE#1. This case has been referred to the undersigned for consideration and report. DE#2. As discussed below, the complaint should be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971), or, alternatively, as frivolous and/or for failure to state a claim.[1]

On March 10, 2017, plaintiff was arrested and charged with several felonies, including organized fraud, in case no. 17002996CF10A, Seventeenth Judicial Circuit, Broward County. ()[2] Plaintiff is currently housed in Joseph V. Conte Facility. DE#1 at 1. The state has yet to try him. DE#4-1.

Plaintiff alleges that the state prosecutor and the state judge in said prosecution kidnaped and robbed him in violation of

---

[1] Plaintiff has sued a governmental entity. Therefore, the court may screen his complaint under 28 U.S.C. § 1915A.

[2] The court takes judicial notice of these state judicial records. See Fed. R. Evid. 201(b)-(c); McBride v. Sharpe, 25 F.3d 962, 970 (11th Cir. 1994) (en banc).

federal law by detaining him in connection with said prosecution. See DE#1 at 2. He further alleges that, despite his complaints, various federal agencies have refused to open a criminal investigation of the prosecutor and judge. Id. at 2-3. Additionally, he alleges that the court should order various federal agencies to confer with him and investigate the prosecutor and judge pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Id. at 3-5.

Under Younger, the Supreme Court established that, absent extraordinary circumstances, federal courts must abstain from adjudicating a claim where doing so would interfere with a state's pending criminal prosecution. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004). The exceptions to the abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur[3], or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id. at 1263 n.6 (citing Younger, 401 U.S. at 45, 53-54).

Here, a criminal prosecution of plaintiff is pending in Broward County. Furthermore, plaintiff does not allege, and the record does not reflect, that one of the Younger exceptions is present. Additionally, even if one could read his complaint to fairly allege that one or more of these exceptions is present,

---

[3] "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 U.S. at 46.

his allegations still are not sufficiently "'substantial'" to warrant relief. See Hudson v. Hubbard, 358 F. App'x 116, 118 (11th Cir. 2009) (per curiam) (quoting Younger, 401 U.S. at 48). In short, the injunctive relief plaintiff requests "would create an 'undue interference with state proceedings.'" Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting NOPSI, 491 U.S. at 359). Accordingly, the court should abstain from adjudicating plaintiff's complaint.

Alternatively, the court should dismiss his complaint as frivolous and/or for failure to state a claim. Although plaintiff seeks to portray himself as federal crime victim who deserves protection under the CVRA, his allegations compel the conclusion that he seeks the United States to undertake a criminal investigation/prosecution of the prosecutor and judge in his state criminal case. But the Supreme Court "has recognized that 'the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'" Greenlaw v. United States, 554 U.S. 237, 246 (2008) (quoting United States v. Nixon, 418 U.S. 683, 693 (1974)); see also Smith v. United States, 375 F.2d 243, 246–47 (5th Cir. 1967) ("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute." (citations omitted)). Thus, this request is frivolous.

Accordingly, it is recommended that the court dismiss plaintiff's complaint pursuant to Younger or, alternatively, as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915A(b)(1). It is further recommended that the case be closed.

DONE AND ORDERED at Miami, Florida this 27th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Kenneth A. Frank
231700416
Joseph V. Conte Facility
Inmate Mail/Parcels
P.O. Box 407016
Fort Lauderdale, FL 33340
PRO SE-2255@usdoj.gov