# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62832-BLOOM/White

KENNETH A. FRANK,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Objections, ECF No. [6], to the Honorable Patrick A. White's Report and Recommendations, ECF No. [5] (the "Report"), recommending that Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983 be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), or, alternatively, as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

As set forth in Judge White's Report, on March 10, 2017, plaintiff was arrested and charged with several felonies, including organized fraud, in Case No. 17002996CF10A, Seventeenth Judicial Circuit, Broward County. Plaintiff is currently housed in Joseph V. Conte Facility. The state has yet to try him.

Plaintiff alleges that on October 3, 2017, a state prosecutor, a state judge, Wells Fargo, and others kidnapped and robbed him in violation of federal law. ECF No. [1] at 2. Plaintiff further alleges that despite his complaints, various federal agencies have refused to open a criminal investigation of the prosecutor and judge. *Id*. at 2-3. Plaintiff requests that the court

order various federal agencies to confer with him and investigate the prosecutor and judge pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. *Id.* at 3-5.

Judge White found that the Court must abstain from adjudicating Plaintiff's claim under the *Younger* doctrine because adjudicating the claim would interfere with a state's pending criminal prosecution. Judge White concluded in the alternative that the court should dismiss Plaintiff's complaint as frivolous and/or for failure to state a claim because Plaintiff may not seek under the CVRA for the United States to undertake a criminal investigation/prosecution.

Plaintiff timely filed two objections. Plaintiff contends that his pending criminal prosecution is unrelated to the claims asserted in his Complaint, and therefore the *Younger* doctrine does not apply. ECF No. [6] at 22-23. Additionally, Plaintiff argues that his claim is not frivolous because under the CVRA because a crime victim may initiate a new action in the district court where the crime occurred. *Id.* at 23-25.[1]

Having conducted a *de novo* review of Judge White's Report in light of Plaintiff's Objections, and being otherwise fully advised in the premises, the Court finds that Plaintiff is correct as to his first objection; however, the Court agrees with Judge White's Recommendation that the case be dismissed for failure to state a claim and as frivolous.

Judge White's finding that Plaintiff's claim is barred by the *Younger* doctrine was based on his assumption that Plaintiff's purported § 1983 claim was based upon ongoing criminal proceedings related to Plaintiff's March 10, 2017 arrest for organized fraud for which Plaintiff is currently imprisoned. ECF No. [5] at 1-2. However, while Plaintiff's Complaint is sparse as to the alleged kidnapping and robbery upon which his claim is based, the Complaint does allege

---

[1] The Court finds Plaintiff's argument that Judge White's Report is fatally defective because it fails to inform Plaintiff of his right to object, *see* ECF No. [6] at 27, to be without merit given that

that Plaintiff "is currently falsely imprisoned on an unrelated matter." ECF No. [1] at 3. In *Younger*, "the Supreme Court established that 'absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *Hughes v. Attorney Gen. of Fla.*, 377 F. 3d 1258, 1262 (11th Cir. 2004) (internal quotations omitted). Plaintiff is correct that because the pending state criminal prosecution is unrelated to the claims asserted in this case, the *Younger* doctrine does not apply.

The Court finds Plaintiff's second objection unavailing, and agrees with Judge White that Plaintiff is not a crime victim who may bring a claim under the CVRA. Under the CVRA, "[a] crime victim has the" right "to confer with the attorney for the Government in the case." 18 U.S.C. § 3771. The CVRA defines a "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." § 3771(e)(2)(A). As explained in Plaintiff's Objections, the alleged criminal activity occurred in connection with a foreclosure case. ECF No. [6] at 4. To the Court's knowledge, and according to Plaintiff's Complaint, no criminal investigation has been initiated into the alleged criminal activity. ECF No. [1] at 2.

Plaintiff's dissatisfaction with the results of the foreclosure case "does not mean he is a 'crime victim' for purposes of § 3771." *Smalls v. Wilson*, No. 2:15-CV-4014-MBS-MGB, 2015 WL 13732643, at *5 (D.S.C. Nov. 10, 2015), report and recommendation adopted, No. CV 2:15-4014-MBS-MGB, 2016 WL 2731064 (D.S.C. May 11, 2016), *aff'd*, 670 F. App'x 803 (4th Cir. 2016). While Plaintiff is correct that the CVRA may apply before formal charges are filed against a defendant, *see Does v. United States*, 817 F. Supp. 2d 1337, 1342 (S.D. Fla. 2011),

---

Plaintiff timely filed objections to the Report.

Plaintiff's Complaint does not establish that Defendants have committed a federal offense, or that Plaintiff has been directly and proximately harmed as a result. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge White's Report and Recommendation, **ECF No. [5]** is **ADOPTED in part**, as set forth above;

2. This case is **DISMISSED WITH PREJUDICE**;

3. To the extent not otherwise disposed of, all pending motions are **DENIED** as moot.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of December, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Kenneth A. Frank
231700416
Joseph V. Conte Facility
Inmate Mail/Parcels
P.O. Box 407016
Fort Lauderdale, FL 33340

The Honorable Patrick A. White